# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRIAN GATES,**

        **Plaintiff,**

**-vs-**                                                    **Case No.  6:08-cv-1535-Orl-18GJK**

**MIAMI POLICE DEPARTMENT, WEST PALM BEACH POLICE DEPARTMENT, ORLANDO POLICE DEPARTMENT, WEST PALM BEACH STATE ATTORNEY'S OFFICE, ORLANDO STATE ATTORNEY'S OFFICE and THE UNITED STATES DEPARTMENT OF JUSTICE,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)**
>
> **FILED:**    **September 5, 2008**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Plaintiff's Complaint be **DISMISSED** without prejudice.

On September 5, 2008, *pro se* Plaintiff Brian Gates (the "Plaintiff") instituted this action by filing his Complaint ("Complaint") against the following parties: the Miami, Orlando and West Palm Beach Police Departments, the West Palm Beach and Orlando State Attorney's Offices and the United States

Department of Justice. Doc. No. 1. Plaintiff's Complaint states the following, which may or may not serve as Plaintiff's allegations: "Lack of Due Process", "Federal Identification Thefts", "Criminal acts, with, the use, of, "wire communication devices", in which, related, "Criminal acts, of business sabotage." *Id.* (quotations and commas in original). From what can be gleaned from Plaintiff's Complaint, he alleges that his identification, out-of-state driver's license and social security car were stolen from his locker at the Homeless Coalition. *Id.* at 2. The Social Security Department reportedly refused to issue him a replacement social security card. *Id.* The Complaint lists the following:

a. Theft of federal identification;

b. Scheme to retaliate against witness, victim or informant;

c. Conspiracy by one or more individuals to deprive a person; and

d. Breaking and entering.

Doc. No. 1 at 2-3. The Plaintiff states some of these allegations repeatedly under the heading indicating "Applicable Legal Statues". *Id.* at 3. He maintains that he can not obtain employment without these forms of identification. *Id.* at 4.

Under "Legal Argument", Plaintiff states the following:

While I, the plaintiff, the victim, walked from the Homeless Coalition . . . to the Orlando Police Department Precinct . . . I thought of an unauthorized search of background check and then about implication of retaliatory scheme against me the victim due to reporting and correspondence to Law Enforcement Departments and Agencies about criminal acts and, or criminal non-acts which have occurred and are occurring to me, the victim.

I, the plaintiff, the victim, has [sic] attempted to make numerous reports about or pertaining to criminal acts and criminal non-acts, which occurred and are occurring to me, the victim, in the City of Orlando and other cities in South Florida.

In which the victim, the plaintiff, has been unable to received or be issued a law enforcement case number by the Orlando Police Department, West Palm Beach Police Department, and Miami Police Department

> Then, the Orlando Police Department Desk Officer or Desk Clerk named Godfrey Butler made statements, which seemed to the me the plaintiff to be retaliatory, such as, "What's your name again?" and "Your birth date?" "You're the one with identification theft complaint?"
>
> Then, the Orlando Police Department Desk Officer or desk clerk named Godfrey Butler failed to issue a [sic] Orlando Police Department Law Enforcement Case Number; When I, the victim, attempted to make criminal complaint about other criminal acts and, or, [sic] criminal non-acts, which involved retaliatory schemes and, or, [sic] discriminatory schemes . . .
>
> The Orange County Sheriff with the name tag which stated, Bunches . . . made a statement in reference to "it is a felony not to report identification theft."

*Id.* at 5-6 (internal erroneous commas omitted). For the most part, the Plaintiff repeats this information in the remainder of the Complaint. See *generally* Doc. No. 1 at 7-10. Presently before the Court is his Application to Proceed Without Prepayment of Fees and Affidavit ("Motion to Proceed *In Forma Pauperis*"). Doc. No. 2.

I.   **THE LAW**

   A.   **The Statute and Local Rules**

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis.* Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>    (A)  the allegation of poverty is untrue; or
>    (B)  the action or appeal --

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

-3-

>      (i) is frivolous or malicious;
>      (ii) fails to state a claim on which relief may be granted; or
>      (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B.   Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts.

---

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

*Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975).  Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C.    Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight.  *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990).  The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639.  A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Claims may lack an arguable basis in law because of either factual or legal inadequacies.  *Id.*

#### 1.    Frivolous Factual Allegations

Factual allegations are frivolous for the purpose of Section 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), (citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)).  The district court may dismiss even meritorious legal theories under Section 1915 if the factual allegations in the complaint are "clearly baseless."  *Denton*, 504 U.S. at 32 - 33.  "Fantastic" or "delusional" allegations are examples of clearly baseless allegations.  *Id*.  Factual allegations in a complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint.  *Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless."  For example, a district court may properly dismiss a complaint under 42 U.S.C. § 1983 as frivolous pursuant to Section 1915

where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under Section 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Phillips*, 746 F.2d at 785 (*citing Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972)); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990).[4] If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785. Thus, in the circumstances described above, when the factual basis for the claim is clearly baseless, the court may grant dismissal under Section 1915.

---

[4] To do otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129.

      2.      <u>Frivolous Legal Theories</u>

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under Section 1915 on grounds of frivolousness even if the complaint states a claim for relief.[5] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326-29 (Rule 12 (b)(6) and former Section 1915(d) serve distinctive goals).

For example, a Section 1915 dismissal may be appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. The absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D.Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d

---

[5]The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of Section 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under Section 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under Section 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 515 (11th Cir. 1991).


Case 6:08-cv-01535-GKS-GJK    Document 7    Filed 10/09/08    Page 8 of 9 PageID 140

1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which may justify dismissal of a claim as frivolous. *See Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846, 850-51 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). The expiration of the statute of limitations is another affirmative defense which may warrant a dismissal as frivolous. *See Franklin*, 563 F. Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof, a dismissal under Section 1915 might be appropriate. *Clark*, 915 F.2d at 641. If others had recently litigated an identical claim unsuccessfully, the district court may enter a Section 1915 dismissal. It is also possible that the district court may use Section 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. *Id.* If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F. Supp. at 1324. Thus, if the legal theory advanced is indisputably meritless for the foregoing reasons, the court may grant dismissal under Section 1915.

  **D.**  **Federal Rule of Civil Procedure 8**

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following:

1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and

3)  a demand for the relief sought, which may include relief in the alternative or difference


-8-

types of relief.

Fed. R. Civ. P. 8 (2008). Rule 8 requires that a pleading be simple, concise and direct. *Id.*

## II. APPLICATION

Plaintiff's Complaint is largely unintelligible. Although the Complaint states, in so many words, that the Plaintiff was not afforded due process and was subject to "federal identification thefts" and "criminal acts", no facts are alleged that would support these allegations. Additionally, Plaintiff's Complaint fails to comply with the rudimentary requirements of Federal Rule of Civil Procedure 8. Plaintiffs' Complaint does not provide a short and plain statement for the Court's jurisdiction, nor does it provide a short and plain statement showing entitlement to relief.

Accordingly, it is

Recommended that the Motion to Proceed in forma pauperis be DENIED and the Complaint be DISMISSED without prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

RECOMMENDED in Orlando, Florida on October 9, 2008.

Greg Kelly
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable G. Kendall Sharp
Unrepresented Parties
